UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SARAH CREBASSA, | Case No. 2:17-cv-02270-JCM-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant[s]. | |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1), filed on August 28, 2017. Also before the Court is Plaintiff's Motion to Amend (ECF No. 5), filed on September 28, 2017.

On September 28, 2017, Plaintiff filed her motion to consolidate cases (ECF No. 4) and on October 25, 2017, the Court denied her motion to consolidate as premature because the Court had not yet screened her complaint. On September 20, 2017, Plaintiff filed her first amended complaint (ECF No. 3) without leave of the Court and on September 28, 2017, she filed her motion to amend complaint (ECF No. 5). The Court grants Plaintiff's motion to amend complaint and will screen her amended complaint pursuant to 28 U.S.C § 1915(a). Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 alleging that the Las Vegas Metropolitan Police Department ("LVMPD") and individuals who appear to be officers employed by LVMPD violated her civil rights. Plaintiff appears to allege that several officers used excessive force against her.

**I.      Application to Proceed *In Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result,

1

1    Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

2    **II.      Screening the Complaint**

3           Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

4    complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

5    dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

6    relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is

7    immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be

8    dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a

9    doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

10   relief."  *Buckey v. Los Angeles*,968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be

11   dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual

12   scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual

13   frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

14   incredible, whether or not there are judicially noticeable facts available to contradict them."

15   *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under §

16   1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing

17   its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be

18   cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

19          The Court shall liberally construe a complaint by a pro se litigant.  *Eldridge v. Block*, 832

20   F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints.  *Ferdik*

21   *v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be

22   used to supply an essential element of the claim absent from the complaint.  *Bruns v. Nat'l*

23   *Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673

24   F.2d 266, 268 (9th Cir. 1982)).

25          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

26   complaint for failure to state a claim upon which relief can be granted. Review under Rule

27   12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of*

28   *America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short

                                                    2

1   and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

2   8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not

3   require detailed factual allegations, it demands "more than labels and conclusions" or a

4   "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

5   1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true

6   all well-pled factual allegations contained in the complaint, but the same requirement does not

7   apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of

8   action, supported only by conclusory allegations, do not suffice. *Id*. at 1949.  Secondly, where

9   the claims in the complaint have not crossed the line from plausible to conceivable, the

10  complaint should be dismissed. *Twombly*, 550 U.S. at 570.

11  **III.    Instant Complaint**

12          Plaintiff's complaint has several deficiencies.  It is difficult to follow, disjointed, and is,

13  at times, incoherent.  The Court cannot refer to prior pleadings to make her amended complaint

14  complete.  Local Rule 15–1 requires that an amended complaint be complete in itself without

15  reference to any prior pleading.  Plaintiff names Defendants from other cases and references

16  allegations against individuals that are not named as Defendants.

17          Plaintiff's complaint does not provide a short and plain statement of the facts as required

18  by Rule 8. *See* Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to satisfy Rule 8(a)

19  is proper if the factual elements supporting a cause of action are scattered throughout the

20  complaint and not organized into a short and plain statement. *Sparling v. Hoffman Constr. Co.*,

21  864 F.2d 635, 640 (9th Cir. 1988). *See also Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th

22  Cir. 1994) ("It is not the Court's job to laboriously search the Complaint for factual assertions

23  that could, in theory, be used to support one legal claim or another.  District judges are not

24  archaeologists.  They need not excavate masses of papers in search of revealing tidbits");

25  *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) ("[A] complaint must be presented 'with

26  clarity sufficient to avoid requiring a district court or opposing party to forever sift through its

27  pages in search of plaintiff's claim.").

28

1    Section 1983 creates a path for the private enforcement of substantive rights created by

2    the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

3    Section 1983 suits against local governments alleging constitutional rights violations by

4    government officials cannot rely solely on respondeat superior liability. *See Whitaker v.*

5    *Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S.

6    658, 691 (1978). A plaintiff can bring a § 1983 action against a local government entity if the

7    plaintiff can show that the entity had an established policy or custom that caused employees who

8    implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436 U.S.

9    at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However,

10   absent such a policy or custom, a local government entity cannot be held liable solely because

11   one of its employees commits an unlawful wrong against another. *Id.* at 691. Here, Plaintiff

12   appears to allege claims against LVMPD as it relates to officers' alleged use of excessive force.

13   However, Plaintiff does not demonstrate what policy or custom LVPMD implemented which

14   was the driving force behind the officers alleged violations of Plaintiff's constitutional rights.

15   Furthermore, Plaintiff includes unclear allegations regarding several officers. An individual

16   defendant is not liable on a civil rights claim unless the facts establish that defendant's personal

17   involvement in some constitutional deprivation or a causal connection between the defendant's

18   wrongful conduct and the alleged constitutional deprivation. *Van Snowden v. Cazares*, 2015 WL

19   12859714, at \*8 (C.D. Cal. Aug. 21, 2015) (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.

20   1989)).

21       For the foregoing reasons, Plaintiff's Complaint is dismissed with leave to amend to

22   correct the noted deficiencies. If Plaintiff elects to proceed in this action by filing an amended

23   complaint, she is informed that the court cannot refer to a prior pleading in order to make her

24   amended complaint complete pursuant to Local Rule 15-1. This is because, as a general rule, an

25   amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d

26   851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files

27   an amended complaint, the original pleading no longer serves any function in the case.

28

1  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

2  of each defendant must be sufficiently alleged.

3      Plaintiff is further advised that she should specifically identify each Defendant to the best

4  of her ability, clarify what constitutional right she believes each Defendant has violated, and

5  support each claim with factual allegations about each Defendant's actions. Plaintiff must allege

6  some affirmative link or connection between a defendant's actions and the claimed deprivation to

7  have liability under 42 U.S.C. § 1983. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto,*

8  633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978). Plaintiff's

9  claims must be set forth in short and plain terms, simply, concisely and directly. *See*

10 *Swierkeiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); Fed.R.Civ.P. 8. Accordingly,

11     **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*

12 is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars

13 ($400.00).

14     **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

15 conclusion without the necessity of prepayment of any additional fees or costs or the giving of

16 security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the

17 issuance of subpoenas at government expense.

18     **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 5) is

19 **granted**.

20     **IT IS FURTHER ORDERED** that Plaintiff's Complaint (ECF No. 5) is **dismissed**

21 without prejudice with leave to amend. Plaintiff shall have until **March 28, 2018** to file an

22 amended complaint correcting the noted deficiencies.

23     Dated this 28th day of February, 2018.

24

25
                                    _____
26                                  GEORGE FOLEY, JR.
                                    UNITED STATES MAGISTRATE JUDGE
27

28

                                    5